Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, INC., a Nebraska corporation; THE BURLINGTON INSURANCE COMPANY, INC., an Illinois corporation; DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHARP ADS, INC., a California corporation

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/02/2025 5:29 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 North Hill Street, Los Angeles, CA 90012, Stanley Mosk Courthouse | **CASE NUMBER:** *(Número del Caso):*<br><br>25STCV16033 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alex Gilanians [180807], ALEX GILANIANS APC, 100 W. Broadway, Suite 1060, Glendale, CA 91210    Tel.: (818) 548-1816

| | | |
|---|---|---|
| DATE: *(Fecha)* 06/02/2025 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court *(Secretario)* C. Cervantes | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

ALEX GILANIANS, Esq. [SBN 180807]
**ALEX GILANIANS, APC**
100 W. Broadway, Suite 1060
Glendale, CA 91210
Tel. No.: (818) 548-1816
Fax No.: (818) 548-0049

Attorneys for Plaintiff,
SHARP ADS, INC., a California corporation

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/02/2025 5:29 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| SHARP ADS, INC., a California corporation, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>REDWOOD FIRE AND CASUALTY )<br>INSURANCE COMPANY, INC., a Nebraska )<br>corporation; THE BURLINGTON INSURANCE )<br>COMPANY, INC., an Illinois corporation; )<br>DOES 1-50, inclusive, )<br><br>Defendants. )<br>_____ ) | CASE NO.: 25STCV16033<br><br>**PLAINTIFF SHARP ADS, INC.'S COMPLAINT**<br><br>**1. BREACH OF CONTRACT – Redwood**<br>**2. BREACH OF CONTRACT – Burlington**<br>**3. BAD FAITH – Redwood**<br>**4. BAD FAITH – Burlington**<br>**5. CONSTRUCTIVE FRAUD – Redwood**<br>**6. CONSTRUCTIVE FRAUD – Burlington** |

**COMES NOW,** Plaintiff, SHARP ADS, INC., a California corporation, ("Plaintiff"), by and through their attorneys of record herein, and files its Complaint against REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, INC., a Nebraska corporation ("Redwood"), and THE BURLINGTON INSURANCE COMPANY, INC., an Illinois corporation ("Burlington") and DOES 1-50, inclusive, (collectively known as "Defendants") as follows:

### PARTIES

1. Plaintiff SHARP ADS, INC. is a California corporation with a principal place of business located in Glendale, California.

2. Defendant Redwood is a Nebraska corporation registered to do business in California, with a principal place of business located at 1314 Douglas Street, Suite 1300, Omaha, NE 68102.

1

**SHARP ADS, INC.'S COMPLAINT**

3.     Defendant Burlington is an Illinois corporation registered to do business in California as a surplus lines Insurer, with a principal place of business located at 185 Asylum Street, 7th Floor, Hartford, CT 06103.

4.     The true names or capacities of Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff, which therefore asserts the instant Complaint against said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that DOES 1 through 20, inclusive, and each of them, were, at all times pertinent to the matters described herein, the agents, partners, joint venturers, co-conspirators, aiders, abettors, parent companies, subsidiaries, members, managers, officers, directors, shareholders, junior lien-holders, senior lienholders, trustees, trust beneficiaries, lenders, borrowers, assignors, assignees, subcontractors, sub-subcontractors, material suppliers, and/or employees of Defendants Redwood and Burlington via common ownership, control, and/or enterprise, and/or otherwise.

## JURISDICTION AND VENUE

5.     This action is properly brought in the Los Angeles County Superior Court pursuant to California Code of Civil Procedure § 395 and California Insurance Code § 1610, *et seq.*

## GENERAL ALLEGATIONS

6.     The instant dispute revolves around Plaintiff's 2021 Mercedes 3500 XD vehicle (the "Truck") which was insured by Defendant Redwood and the Box that was which was custom fabricated by Meridian AVL, Inc. at Plaintiff's request and attached to the Truck (the "Box"), which was insured by Defendant Burlington. The Truck and Box are also collectively referred to as the "Box Truck" herein.

7.     The Truck and the Box were vandalized on the night of February 25, 2024 by unknown individuals while the Box Truck was parked at 1117 South Glendale Avenue, Glendale, CA 91205 at the time of the vandalism.

8.     The vandalism to the Box Truck consisted of a thick corrosive liquid of some type that was splashed on the outside and inside of the Truck and the Box which irreparably damaged the paint of the Truck and the computer equipment, other electronic equipment and LED screens installed in and on the Box.

**SHARP ADS, INC.'S COMPLAINT**

9.      Plaintiff purchased the Truck from Mercedes Benz of El Cajon ("Dealer") and paid the Dealer in full $72,352.00 by US Prime Dental check. Plaintiff also paid $3,999.00 to the Dealer for an extended warranty on the Truck.

10.     Plaintiff paid Meridian AVL, Inc. for the Box and its contents also with checks from US Prime Dental. The checks totaled $257,100.00, which breaks down into $59,350.00 for labor and $197,750 for materials and equipment.

11.     US Prime Dental is Plaintiff's wife's sole proprietorship company, whose bank account was used jointly by that company and Plaintiff because Plaintiff did not have a separate bank account at that time. Plaintiff established its own bank account sometime in September 2022.

12.     Plaintiff reported the vandalism to the Glendale, CA Police Department soon after discovering the vandalism.

13.     Plaintiff also filed insurance claims with Defendant Redwood (claim no. 00625101 on Policy no. 01APM031291-02) and Defendant Burlington (claim no. 241094 on Policy no. HSI0005855).

14.     Plaintiff has since learned that Defendant Redwood has denied Plaintiff's claim no. 00625101 regarding the vandalism of the Truck based on unreasonable and conclusory allegations with little to no evidentiary support for those allegations.

15.     Plaintiff has also since learned that Defendant Burlington is refusing to pay claim no. 241094 regarding the vandalism to the Box. Plaintiff has also learned that Defendant Burlington's refusal to pay is based on an alleged lack of insurable interest on Plaintiff's part, simply because of the purchase the Box and the equipment inside the Box with checks from US Prime Dental, despite the submission to Defendant Burlington of the Declaration of the President of US Prime Dental that Plaintiff's funds in the US Prime Dental account were indeed properly used to fund the checks paid to Meridian AVL, Inc. for the Box and that US Prime Dental has claim or title or other interest in the Box Truck or any of its equipment.

16.     California DMV Title to the Box Truck is held in Plaintiff's sole name.

17.     Premiums for both insurance policies involved were fully paid by Plaintiff and no warnings or notice was given to Plaintiff by Defendant Burlington when Plaintiff submitted premium payments using US Prime Dental, Inc. checks. Defendant Burlington credited those payments to Plaintiff's insurance policies without issue or any objection at that time.

3

**SHARP ADS, INC.'S COMPLAINT**

18.     The issue of "lack of insurable interest" issue did not emerge until long after Plaintiff had submitted claim no. 241094 to Defendant Burlington, making it appear that Defendant Burlington is looking out for its own interests rather than its insured's interests by using the US Prime Dental check issue as a pretext to unreasonably deny Plaintiff's claim no. 241094.

### FIRST CAUSE OF ACTION
#### (*Breach of Contract* – against Defendant Redwood and Does 1-25 Only)

19.     Plaintiff re-alleges and incorporates by reference into this cause of action all allegations set forth in this Complaint.

20.     At all times relevant, Plaintiff has paid all premiums and fulfilled or performed all their obligations under the Policy.

21.     Defendant Redwood had contractual duties to provide Plaintiff with insurance coverage under the applicable Policy coverages, including those coverages specifically alleged herein.

22.     In denying Plaintiff's insurance claim, and otherwise refusing to perform under the Policy, Defendant Redwood breached those duties.

23.     As a result of those breaches, Plaintiff has been damaged in the amount of coverage to which they are entitled under the Policy, and in an amount to be proved at trial, and for which Plaintiff seeks compensatory, general, and other monetary damages (including all foreseeable consequential and incidental damages for diminution in value, loss of use, and other incidental damages and out-of-pocket expenses) in an amount to be determined at trial, plus interest.

### SECOND CAUSE OF ACTION
#### (*Breach of Contract* – against Defendant Burlington and Does 26-50 Only)

24.     Plaintiff re-alleges and incorporates by reference into this cause of action all allegations set forth in this Complaint.

25.     At all times relevant, Plaintiff has paid all premiums and fulfilled or performed all their obligations under the Policy.

26.     Defendant Burlington had contractual duties to provide Plaintiff with insurance coverage under the applicable Policy coverages, including those coverages specifically alleged herein.

27.     In denying Plaintiff's insurance claim, and otherwise refusing to perform under the Policy, Defendant Burlington breached those duties.

4

**SHARP ADS, INC.'S COMPLAINT**

28.     As a result of those breaches, Plaintiff has been damaged in the amount of coverage to which they are entitled under the Policy, and in an amount to be proved at trial, and for which Plaintiff seeks compensatory, general, and other monetary damages (including all foreseeable consequential and incidental damages for diminution in value, loss of use, and other incidental damages and out-of-pocket expenses) in an amount to be determined at trial, plus interest.

### THIRD CAUSE OF ACTION
***(Breach of Implied Covenant of Good Faith and Fair Dealing/Insurance Bad Faith –
against Defendant Redwood and Does 1-25 only)***

29.     Plaintiff re-alleges and incorporates by reference all prior allegations contained in this Complaint as if set forth fully herein.

30.     Plaintiff and Defendant Redwood entered into a valid insurance contract, Policy no.01APM031291-02, with Defendant Redwood to insure Plaintiff's 2021 Mercedes Truck.

31.     Plaintiff paid all premiums owed on Policy no. 01APM031291-02 and completed all obligations owed by Plaintiff in regard to Policy no. 01APM031291-02.

32.     On February 25, 2024, Plaintiff suffered a loss covered under insurance policy no. 01APM031291-02 when its Box Truck was vandalized.

33.     Plaintiff properly and timely filed claim no. 00625101 on Policy no. 01APM031291-02.

34.     Defendant Redwood failed to conduct a full, fair, prompt and thorough investigation of all the bases of Plaintiff's claim no. 00625101.

35.     Because of Defendant Redwood's bad faith actions and unreasonable denial of Plaintiffs claim no. 00625101, Plaintiff has been harmed in the amount of $73,352.00 to be proven at trial.

36.     Defendant Redwood's bad faith actions and unreasonable denial of Plaintiff's claim no. 00625101 is a substantial factor in causing Plaintiff's harm.

37.     When investigating Plaintiff's claim no. 00625101, Defendant Redwood had a duty to diligently search for and consider evidence that supported coverage of the claimed loss; Defendant Redwood did not do so.

**SHARP ADS, INC.'S COMPLAINT**

## FOURTH CAUSE OF ACTION

***(Breach of Implied Covenant of Good Faith and Fair Dealing/Insurance Bad Faith –
against Defendant Burlington and Does 26-50 only)***

38.    Plaintiff re-alleges and incorporates by reference all prior allegations contained in this Complaint as if set forth fully herein.

39.    Plaintiff and Defendant Burlington entered into a valid insurance contract, Policy no. HSI0005855, with Defendant Burlington to insure the custom built Box attached to Plaintiff's 2021 Mercedes Truck.

40.    Plaintiff paid all premiums owed on Policy no. HSI0005855 and completed all obligations owed by Plaintiff in regard to Policy no. HSI0005855.

41.    On February 25, 2024, Plaintiff suffered a loss covered under insurance policy no. HSI0005855 when its Box Truck and the costly electronic equipment outside and inside the Box was irreparably vandalized by unknown person(s).

42.    Plaintiff properly and timely filed claim no. 241094 on Policy no. HSI0005855.

43.    Defendant Burlington failed to conduct a full, fair, prompt and thorough investigation of all the bases of Plaintiff's claim no. 241094.

44.    Plaintiff has also since learned that Defendant Burlington is refusing to pay claim no. 241094 regarding the vandalism to the Box. Plaintiff has also learned that Defendant Burlington's refusal to pay is based on an alleged lack of insurable interest on Plaintiff's part, simply because Plaintiff purchased the Box and the equipment inside the Box with checks from US Prime Dental, despite the submission to Defendant Burlington of the Declaration of the President of US Prime Dental that Plaintiff's funds in the US Prime Dental account were indeed properly used to fund the checks paid to Meridian AVL, Inc. for the Box and that US Prime Dental has no financial or other interest in the Box Truck or any of its equipment.

45.    California DMV Title to the Box Truck is held in Plaintiff's sole name.

46.    Premiums for insurance Policy no. HSI0005855 involved were fully paid by Plaintiff to Defendant Burlington and no warnings, objections or notices were given to Plaintiff by Defendant Burlington when Plaintiff submitted premium payments using US Prime Dental, Inc. checks. Defendant

**SHARP ADS, INC.'S COMPLAINT**

Burlington credited those payments to Plaintiff's insurance policies on which Plaintiff was named insured without issue or any objection at that time.

47.    The issue of "lack of insurable interest" issue did not emerge until long after Plaintiff had submitted claim no. 241094 to Defendant Burlington, making it obvious that Defendant Burlington is looking out for its own interests rather than its insured's interests by using the US Prime Dental check issue as a pretext to unreasonably deny Plaintiff's claim no. 241094. Defendant Burlington's actions effectively waived Defendant Burlington's defense of "lack of insurable interest" as Defendant Burlington's pre-loss conduct, i.e. issuing the policy and accepting premium payments made with US Prime Dental checks, led Plaintiff to rely on the Policy's validity. Therefore, under California law is estopped from denying Plaintiff's claim no. 241094 on the stated basis for the denial.

48.    Because of Defendant Burlington's bad faith actions and unreasonable denial of Plaintiffs claim no. 241094, Plaintiff has been harmed in an amount exceeding $257,100.00.

49.    Defendant Burlington's bad faith actions and unreasonable denial of Plaintiff's claim no. 241094 is a substantial factor in causing Plaintiff's harm. When investigating Plaintiff's claim no. 241094, Defendant Burlington had a duty to diligently search for and consider evidence that supported coverage of the claimed loss; Defendant Burlington did not do so.

## FIFTH CAUSE OF ACTION
### (*Constructive Fraud* – against Defendant Redwood and Does 1-25 Only)

50,    Plaintiff re-alleges and incorporates by reference into this cause of action all allegations set forth in this Complaint.

51.    Defendant owes fiduciary and quasi-fiduciary duties to Plaintiff, including duties of loyalty, due care, good faith, and fair dealing in connection with their actions under the Policy.

52.    By the conduct alleged herein, Defendant took unfair advantage of and did not act in or consider the best interests of Plaintiff, but rather acted solely in their own interests.

53.    As a direct and proximate result of Defendant's constructive fraud, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

54.    Defendant's acts were also malicious, fraudulent, and oppressive, and undertaken intentionally and in conscious disregard of Plaintiff's rights.

55.    Plaintiff is entitled to damages, and should be awarded exemplary and punitive damages in an appropriate amount to punish Defendant and to deter similar fraudulent conduct in the future.

**SHARP ADS, INC.'S COMPLAINT**

### SIXTH CAUSE OF ACTION
(*Constructive Fraud* – against Defendant Burlington and Does 26-50 Only)

56,     Plaintiff re-alleges and incorporates by reference into this cause of action all allegations set forth in this Complaint.

57.     Defendant owes fiduciary and quasi-fiduciary duties to Plaintiff, including duties of loyalty, due care, good faith, and fair dealing in connection with their actions under the Policy.

58.     By the conduct alleged herein, Defendant took unfair advantage of and did not act in or consider the best interests of Plaintiff, but rather acted solely in their own interests.

59.     As a direct and proximate result of Defendant's constructive fraud, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

60.     Defendant's acts were also malicious, fraudulent, and oppressive, and undertaken intentionally and in conscious disregard of Plaintiff's rights.

61.     Plaintiff is entitled to damages, and should be awarded exemplary and punitive damages in an appropriate amount to punish Defendant and to deter similar fraudulent conduct in the future.

### *Prayer for Relief*

1. For general and compensatory damages in an amount to be determined at trial; and,

2. For exemplary and punitive damages in an amount to be determined at trial; and,

3. For Plaintiff's costs of suit; and,

4. For Plaintiff's reasonable attorneys fees incurred in this action pursuant to statute; and,

5. For pre-judgment interest and all other interest to which Plaintiff is entitled; and,

6. For such other relief as the Court may deem proper.


Dated: May 2, 2025                    ALEX GILANIANS, APLC



                                       Alex Gilanians, Esq.
                                       Attorneys for Plaintiff, Sharp Ads, Inc.

8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Alex Gilanians [180807]
ALEX GILANIANS APC, 100 W. Broadway, Suite 1060, Glendale, CA 91207

TELEPHONE NO.: 818-548-1816    FAX NO.: 818-548-0049
EMAIL ADDRESS: alex@gilanians.com
ATTORNEY FOR *(Name)*: SHARP ADS, INC., a California corporation

**FOR COURT USE ONLY**

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/02/2025 5:29 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
SHARP ADS, INC., etc., vs. REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, etc.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | **25STCV16033** |
| (Amount demanded exceeds $35,000) (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[x] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6 (six)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 30, 2025
Alex Gilanians
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
　Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
　Uninsured Motorist (46) *(if the*
　　*case involves an uninsured*
　　*motorist claim subject to*
　　*arbitration, check this item*
　　*instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
　Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
　Product Liability *(not asbestos or*
　　*toxic/environmental)* (24)
　Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
　Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
　Business Tort/Unfair Business
　　Practice (07)
　Civil Rights (e.g., discrimination,
　　false arrest) *(not civil*
　　*harassment)* (08)
　Defamation (e.g., slander, libel) (13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)
**Employment**
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
　Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract *(not unlawful detainer*
　　　*or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
　Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections Case
　Insurance Coverage *(not provisionally*
　　*complex)* (18)
　　Auto Subrogation
　　Other Coverage
　Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute
**Real Property**
　Eminent Domain/Inverse
　　Condemnation (14)
　Wrongful Eviction (33)
　Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent*
　　　*domain, landlord/tenant, or*
　　　*foreclosure)*
**Unlawful Detainer**
　Commercial (31)
　Residential (32)
　Drugs (38) *(if the case involves illegal*
　　*drugs, check this item; otherwise,*
　　*report as Commercial or Residential)*
**Judicial Review**
　Asset Forfeiture (05)
　Petition Re: Arbitration Award (11)
　Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case Review
　Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor Commissioner
　　　Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
　Antitrust/Trade Regulation (03)
　Construction Defect (10)
　Claims Involving Mass Tort (40)
　Securities Litigation (28)
　Environmental/Toxic Tort (30)
　Insurance Coverage Claims
　　*(arising from provisionally complex*
　　*case type listed above)* (41)
**Enforcement of Judgment**
　Enforcement of Judgment (20)
　　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic*
　　*relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
　RICO (27)
　Other Complaint *(not specified above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-*
　　　*harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
　Partnership and Corporate
　　Governance (21)
　Other Petition *(not specified above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late Claim
　　Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sharp Ads, Inc., etc., vs. Redwood Fire and Casualty Insurance Company, Inc., etc., et al., | 25STCV16033 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sharp Ads, Inc., etc., vs. Redwood Fire and Casualty Insurance Company, Inc., etc., et al., | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☑ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sharp Ads, Inc., etc., vs. Redwood Fire and Casualty Insurance Company, Inc., etc., et al., | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>        Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sharp Ads, Inc., etc., vs. Redwood Fire and Casualty Insurance Company, Inc., etc., et al., | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sharp Ads, Inc., etc., vs. Redwood Fire and Casualty Insurance Company, Inc., etc., et al., | 25STCV16033 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>1117 South Glendale Avenue |
|---|---|

| CITY:<br>Glendale | STATE:<br>CA | ZIP CODE:<br>91205 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  CENTRAL
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  05/30/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/02/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Cervantes _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV16033 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Joseph Lipner | 72 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _06/03/2025_____
     (Date)

David W. Slayton, Executive Officer / Clerk of Court

By _C. Cervantes_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
RESOURCE LIST DISCLAIMER: The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/12/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____F. Estrada_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
SHARP ADS, INC., a California corporation

DEFENDANT:
REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, INC

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
25STCV16033

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 10/01/2025      Time: 8:30 AM      Dept.: 72

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 06/12/2025

_____
Judicial Officer   Joseph Lipner / Judge

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _____Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Alexander Gilanians
100 W Broadway Ste 1060
Glendale, CA 91210

David W. Slayton, Executive Officer / Clerk of Court

By _____F. Estrada_____
Deputy Clerk

Dated: 06/12/2025

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/12/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ F. Estrada _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

SHARP ADS, INC., a California corporation

DEFENDANT(S):

REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, INC., a

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: |
| | 25STCV16033 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>10/01/2025</u> at <u>8:30 AM</u> in department <u>72</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>06/12/2025</u>

_____
Joseph Lipner / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
SHARP ADS, INC., a California corporation

DEFENDANT/RESPONDENT:
REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, INC., a Nebraska corporation, et al.

**FILED**
Superior Court of California
County of Los Angeles

06/12/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ F. Estrada _____ Deputy

## CERTIFICATE OF MAILING

CASE NUMBER:
25STCV16033

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Los Angeles**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/12/2025                    By: F. Estrada
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

06/12/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ F. Estrada _____ Deputy

PLAINTIFF(S)/PETITIONER(S):

SHARP ADS, INC., a California corporation

DEFENDANT(S)/RESPONDENT(S):

REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, INC., a Nebraska corporation, et al.

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

25STCV16033

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 06/12/2025**
**Order to Show Cause Failure to File Proof of Service of 06/12/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Gilanians, Alexander" <alex@gilanians.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street in Los Angeles, California.

Dated: 06/12/2025

David W. Slayton, Executive Officer / Clerk of Court

By:  F. Estrada _____

Deputy Clerk

**Page 1 of 1**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alex Gilanians \| SBN: 180807<br>Alex Gilanians<br>100 W Broadway Ste 1060  Glendale, CA 912101265<br>TELEPHONE NO.: (818) 548-1816 \| FAX NO. (818) 548-0049 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: Sharp Ads, Inc. | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/25/2025 5:00 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Grim, Deputy Clerk** |

| **Los Angeles County Superior Court, County of Los Angeles** | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: 111 North Hill Street | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse - Central | |

| PLAINTIFF: Sharp Ads, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT: Redwood Fire and Casualty Insurance Company, Inc.; et al. | 25STCV16033 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Sharp Ads v Redwood Fire |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents)*: **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Notice of Case Management Conference; Order to Show Cause Hearing**
3. a. Party served *(specify name of party as shown on documents served)*:
   **Redwood Fire and Casualty Insurance Company, Inc., a Nebraska corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Bradley Haumont - Attorney/Agent**
4. Address where the party was served: **45 Fremont St Fl 27<br>San Francisco, CA 94105-2213**
5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:      (2) at *(time)*:
   - b. ☑ **by substituted service.** On *(date)*: **6/16/2025** at *(time)*: **11:00 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
     **Elena Nabca - Clerical Assistant**
     | Age: 50yrs | Weight: 150lbs | Hair: Black | Sex: Female |
     |---|---|---|---|
     | Height: 5'4 | Eyes: - | Race: Asian | |

     - (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:      from *(city)*:                    **or** ☑ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/673183** |
|---|---|---|

| PETITIONER: **Sharp Ads, Inc.** | CASE NUMBER: |
|---|---|
| RESPONDENT: **Redwood Fire and Casualty Insurance Company, Inc.; et al.** | **25STCV16033** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                                    (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Redwood Fire and Casualty Insurance Company, Inc., a Nebraska corporation**
   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. Name: **Albert Arias - DDS Legal Support**

   b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**

   c. Telephone number: **(714) 662-5555**

   d. **The fee** for service was: **$ 124.90**

   e. I am:

      (1) ☐ not a registered California process server.

      (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☐ registered California process server:

         (i) ☐ owner      ☐ employee      ☐ independent contractor.

         (ii) Registration No.: **CA PI27342**

         (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/17/2025**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

_DDS_

_____
**Albert Arias**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| | FOR COURT USE ONLY |
|---|---|

*Attorney or Party without Attorney:*
Alex Gilanians, SBN: 180807
Alex Gilanians
100 W Broadway Ste 1060
Glendale, CA 912101265
*TELEPHONE No.:* (818) 548-1816

*E-MAIL ADDRESS (Optional):*
*FAX No. (Optional):* (818) 548-0049

*Attorney for:* Plaintiff Sharp Ads, Inc.

*Ref No. or File No.:*
Sharp Ads v Redwood Fire

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court - Stanley Mosk Courthouse - Central

*Plaintiff:* Sharp Ads, Inc.

*Defendant:* Redwood Fire and Casualty Insurance Company, Inc.; et al.

| **PROOF OF SERVICE BY MAIL** | HEARING DATE: | TIME: | DEPT.: 72 | CASE NUMBER: 25STCV16033 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Notice of Case Management Conference; Order to Show Cause Hearing

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Costa Mesa, California, addressed as follows:

    a. Date of Mailing:         June 17, 2025
    b. Place of Mailing:       Costa Mesa, CA
    c. Addressed as follows:   Redwood Fire and Casualty Insurance Company, Inc., a Nebraska corporation
                             ATTENTION: Bradley Haumont - Attorney/Agent
                             45 Fremont St Fl 27
                             San Francisco, CA 94105-2213

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

Fee for Service: **$ 124.90**
    **DDS Legal Support**
    **2900 Bristol Street**
DDS  **Costa Mesa, CA 92626**
    **(714) 662-5555**
    **Ref: Sharp Ads v Redwood Fire**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **June 17, 2025**.

Signature: _____

**Monica Figueroa**

**PROOF OF SERVICE BY MAIL**

Order#: 673183/mailproof